IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:21CR3119 |
| vs. | |
| BRANDON TERRELL DAVIS, | *AMENDED* ORDER FOR THE PROGRESSION OF A COMPLEX CRIMINAL CASE |
| Defendant. | |

**Chief Judge John M. Gerrard**

Upon arraignment of defendant this date and the entry of a plea of not guilty,

IT IS ORDERED:

1. A **status hearing** to discuss case progression and how this case will be resolved will be held at 2:00 p.m. on November 30th, 2021 before the undersigned magistrate judge by telephone. Court will send instructions for participation on the call. Defense counsel and counsel for the government shall attend.

2. **Discovery**. Within fourteen (14) days of this date, counsel shall confer and accomplish discovery in accordance with NECrimR 16.1 and Fed.R.Crim.P. 16. Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

3. **Motions; Prerequisites**. The filing, briefing, and hearing of pretrial motions, including ex parte motions and applications, shall be governed by NECrimR 12.1 - 12.5.

   a. Discussion regarding pretrial motions will be taken up on November 30th, 2021.

   b. In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, including Brady material, as part of the motion the moving party shall recite that counsel for the movant has spoken with opposing counsel regarding the subject of the motion in an attempt to reach agreement without

the involvement of the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of any such conferences.

c.　If request has been made for an evidentiary hearing, a request for leave to file a post-hearing brief may be filed either with the request for evidentiary hearing, or, by a non-moving party, within five days thereafter. A request for post-hearing briefs shall set forth the specific reasons the requesting party cannot be expected to argue its position before the hearing. Post-hearing briefs will not generally be permitted unless the facts are so complex as to require them, or the evidence adduced at the hearing is so different from that expected to be adduced that it triggers different law, the applicability of which could not have been anticipated by the parties before the hearing.

4. **Settlement**. If plea negotiations are to be instituted, they shall be concluded, and advice thereof given to the trial judge not less than one week prior to trial.

5. **CJA Vouchers**. Applications or vouchers pursuant to the Criminal Justice Act ("CJA") for authorization to hire third parties, to exceed the CJA spending limits, or for the expenditure of CJA funds shall be submitted on an appropriate CJA form available from the Clerk's office and supported by a statement of:

(a)　The name, address and telephone number of the person sought to be hired (if applicable);

(b)　A specific statement of the amount sought and the method of computing it;

(c)　A statement of the factual and legal bases supporting the request, including specific argument for exceeding the CJA's limits.

6. **Speedy Trial Act.**

a.　With Defendant's consent, the court finds that the time between today and March 8, 2021 is excluded under the Speedy Trial Act because although counsel have been diligent, additional time is needed to retrieve the evidence from the government's archives, evaluate the case, and determine how it will proceed, and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

    b.  The prosecuting attorney to whom this case is assigned shall advise the court, by letter to the undersigned, at such time as the Speedy Trial Act requires that the trial of this case be scheduled within ten days, if trial is not then scheduled to begin within the period allowed by the Speedy Trial Act and no exceptions have tolled the Act's time limitations. Such notification shall set forth the number and dates of the days elapsed and days remaining under the Speedy Trial Act as applied to the events of this case.

   7.  The defendant shall be present at all pretrial arguments or hearings unless excused by the court, and if permission is sought to be absent, the defendant shall deliver to the court in advance an affidavit stating that the defendant knowingly, intelligently and voluntarily gives up the right to attend such argument or hearing.

   8.  Upon representation of counsel, due to the volume of the record, this court designates this case as a complex case and exempts it from the provisions in the Speedy Trial Act.

   DATED this 27th day of September, 2021.

                  BY THE COURT:
                  *s/ Cheryl R. Zwart*
                  United States Magistrate Judge